Edward S. Conway, J.
This is a motion by the plaintiff for an order for summary judgment permanently enjoining defendant from the continued violation of section 759 of the Executive Law and the Rules of the State Board of Social Welfare promulgated thereto.
The defendant opposes the motion of the plaintiff and cross-moves for summary judgment dismissing the complaint and declaring section 759 of the Executive Law and the Rules of the State Board of Social Welfare promulgated pursuant thereto unconstitutional and unenforceable as applied to this *1064 defendant since it is an institution not in receipt of public funds.
The Board of Social Welfare of the State of New York forwarded to the defendant an operating certificate as provided for in section 759 of the Executive Law authorizing it to operate a home for the aged. On October 8, 1974, the defendant returned this certificate to the Board of Social Welfare. On October 25, 1974, the operating certificate was again sent to the defendant by the Board of Social Welfare and the board advised the defendant that said certificate must be conspicuously posted in the facility at its stated location. The defendant again returned the certificate to the Board of Social Welfare on November 29, 1974.
The complaint on which the motion for summary judgment is predicated seeks to enjoin the defendant, Hudson Home for the Aged, from alleged continued violation of the Executive Law and the Rules of the State Board of Social Welfare.
The defendant’s answer, for an affirmative defense, alleges that subdivision 1 of section 759 of the Executive Law is unconstitutional as it applies to the defendant, as said section violates the provisions of section 2 of article XVII of the New York State Constitution, and further, defendant demands judgment declaring the statute to be unconstitutional since defendant is an institution not in receipt of public funds.
Section 2 of article XVII of the New York State Constitution provides, insofar as pertinent, as follows: "The state board of social welfare shall be continued. It shall visit and inspect, or cause to be visited and inspected by members of its staff, all public and private institutions, whether state, county, municipal, incorporated or not incorporated, which are in receipt of public funds and which are of a charitable, eleemosynary, correctional or reformatory character, including all reformatories for juveniles and institutions or agencies exercising custody of dependent, neglected or delinquent children, but excepting state institutions for the education and support of the blind, the deaf and the dumb * * * As to institutions, whether incorporated or not incorporated, having inmates, but not in receipt of public funds, which are of a charitable, eleemosynary, correctional or reformatory character, and agencies, whether incorporated or not incorporated, not in receipt of public funds, which exercise custody of dependent, neglected or delinquent children, the state board of social welfare shall make inspections, or cause inspections to be made by members *1065 of its staff, but solely as to matters directly affecting the health, safety, treatment and training of their inmates, or of the children under their custody. Subject to the control of the legislature and pursuant to the procedure prescribed by general law, the state board of social welfare may make rules and regulations, not inconsistent with this constitution, with respect to all of the functions, powers and duties with which the department and the state board of social welfare are herein or shall be charged.”
The Executive Law (art 26-B, § 759) provides, insofar as pertinent, as follows:
"Approval of facilities; operating certificate; suspension or revocation; penalty for violation.
"1. No facility subject to visitation, inspection and supervision by the board * * * shall be operated unless it shall possess a valid operating certificate issued pursuant to this article by the board or by a designated member of the board’s staff, which certificate may specify the kind or kinds of care and services such a facility is authorized to provide and * * * the duration of the period of its validity.
"2. * * * The application shall be approved and an operating certificate shall be issued when it is established to the satisfaction of the board or to a designated staff member of the board that the facility meets, and will be operated in accordance with, the requirements of this article, the rules of the board and all other applicable provisions of law including requirements as to the premises, equipment, personnel, care and services, rules, by-laws and administrative practices. All facilities which have been approved by the board prior to September first, nineteen hundred seventy-four, whether by issuance of a certificate of approval or by issuance of any other instrument of approval which indicates compliance with the rules of the board, shall be issued an operating certificate without application therefor * * *
"4. Any person or corporation who operates a facility in violation of the provisions of this section shall be guilty of a misdemeanor.”
Defendant contends that section 2 of article XVII of the Constitution limits the powers of the State Board of Social Welfare to regulate institutions which do not receive public funds (defendant herein).
The court cannot agree with this contention of defendant. *1066 Section 2 of article XVII, rather than limiting the powers of the State Board of Social Welfare, affirms the right of the board to properly exercise its inherent police powers to further regulate the operation of homes for the aged such as defendant’s. The owner of private property does not acquire immunity against the valid exercise of the police power. We are dealing here with one of the most essential powers of government; one that is the least limitable. It may, indeed, seem harsh in its exercise and it usually is on some individual property owner, but the imperative necessity for its existence precludes any limitation upon it when not exerted arbitrarily. All property is held subject to the right of the State reasonably to regulate its use under the police power in order to secure the general safety and public welfare, especially of our aged and senior citizens in view of the recent public disclosures of abuses in nursing homes and homes for senior citizens.
In view of the foregoing, the motion of the plaintiff for summary judgment on the complaint is granted, and the cross motion of the defendant declaring section 759 of the Executive Law unconstitutional is denied.